RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for R. Todd Neilson,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

(LOS ANGELES DIVISION)

| | |
|---|---|
| In re: | CASE NO. 2:08-bk-31745-RN |
| ALENA INTERNET CORPORATION; ALENA, LLC; HYDRODERM, LLC, | Jointly Administered With: 2:08-bk-31746-RN 2:08-bk-31747-RN |
| Debtors. | Chapter 11 |
| | **FOURTH STATUS REPORT OF THE CHAPTER 11 TRUSTEE; DECLARATION OF R. TODD NEILSON** |
| | Date:  April 14, 2010 Time:  10:30 a.m. Place: Courtroom 1645 255 E. Temple St. Los Angeles, CA |

**TO THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY JUDGE:**

R. Todd Neilson, the Chapter 11 trustee ("Trustee") appointed in the above-captioned Chapter 11 cases of Alena Internet Corporation, Alena, LLC and Hydroderm, LLC (collectively, the "Debtors"), hereby submits this Fourth Status

1

Report in connection with the upcoming Status Conference scheduled to be held by the Court on April 14, 2010 at 10:30 a.m.[1]

At the time of the Debtors' bankruptcy filings, the Debtors' business consisted primarily of the marketing and sale, through an on-line, internet platform, of anti-aging beauty products that are sold under the brand name "Hydroderm." Shortly after filing Chapter 11, the Debtors entered into an *Interim Exclusive Marketing, Distribution and License Agreement* (the "License Agreement") with an entity known as One World, which License Agreement was approved by the Court for a term of 90 days, with the 90 days having ended on April 10, 2009. Under the order approving the License Agreement, during the term of the License Agreement, One World was authorized to sell no more than 10% of the Debtors' inventory (with the 10% calculated based on Debtors' actual cost). Additionally, One World was not authorized to purchase or manufacture more than $10,000 of new inventory or product. The Court also approved the Debtors' use of cash collateral. The Court also approved the Debtors' Application to Employ Special Counsel to pursue the Debtors' claims against Plainfield and eForce. Both lawsuits are currently pending. The litigation against Plainfield is being pursued on a contingency basis.

While the Debtors filed a motion seeking to extend the term of the License Agreement for 60 days, Plainfield objected to the

---

[1] The Trustee has filed a request for continuance of the April 14, 2010 status conference; however, as of the filing date of this status report, the Court has not entered an order approving such request.

2

requested extension, and the Court ultimately denied the Debtors' motion at a hearing held on April 8, 2009. Several days later, on or about April 10, 2009, the Court appointed the Trustee.

Prior to the Trustee's appointment, the Debtors had filed a plan of reorganization. In prior status reports, the Trustee provided the Court with a detailed explanation as to why the Trustee believed that the Debtors' plan of reorganization was not confirmable and that pursuing confirmation of the Debtors' plan of reorganization was not in the best interests of the Debtors' estates.

Additionally, in prior status reports, the Trustee provided the Court with a detailed explanation as to why the Trustee believed that the assets of the estates should be sold as expeditiously as possible to avoid diminution in the value of the assets. Indeed, a hearing was scheduled to be held on June 30, 2009 (the "Sale Hearing") for the Court to consider the Trustee's motion (the "Sale Motion") to sell substantially all of the tangible assets of the Debtors' estates (the "Assets") to Brentwood Cosmetics, LLC and Danny Petrasek (the "Purchaser"), or to a higher bidder, free and clear of all liens, claims, encumbrances or interests (collectively, "Liens") asserted upon such assets, with such Liens to attach to the proceeds of the sales to the same extent, validity and priority as the Liens existed against the estates' pre-petition assets at the time of the Debtors' bankruptcy filings. The Assets being sold did not include the Plainfield lawsuit or the estates' rights and claims relating to the Plainfield lawsuit.

The Liens to be releases included those asserted by Plainfield, the senior secured lender in this case.

The Sale Hearing took place on June 30, 2009 as scheduled. Just prior to the Sale Hearing, the Trustee was able to negotiate certain improved terms to the sale with the Purchaser which resolved Plainfield's objection and caused Plainfield to support the sale. JRX Biotechnology, Inc. ("JRX") submitted a bid for the Assets, which JRX contended was an overbid to the Purchaser's bid. The Trustee disagreed and concluded that the bid submitted by JRX was inferior to the Purchaser's bid and therefore was not accepted by the Trustee as a qualified overbid.

The Purchaser's final winning bid for the Assets, which consisted of one million dollars ($1,000,000) of cash plus a promissory note (the "Purchaser Promissory Note") with a principal amount of fifty thousand dollars ($50,000), was approved by the Court as constituting the winning bid for the Assets. Court approval of that sale was also supported by Plainfield. The Purchaser Promissory Note has a term of three (3) years, accrues simple interest at the rate of three percent (3%) per annum, and has no payment requirements until the end of the three-year term. At the maturity date of the Purchaser Promissory Note, all principal and accrued and unpaid interest will be fully due and payable. The Assets did not include any patents which are owned by JRX. The sale to the Purchaser closed shortly thereafter.

The following is a brief update on the estate's litigation matters (which are the only remaining assets of these estates) and pending disputes:

1. <u>Plainfield Litigation</u>.  The estate's claims against Plainfield which is subject to litigation were not included in the assets sold.  After considerable argument before this Court, the litigation has also been remanded to state court.  The estate's claims against Plainfield continue to be prosecuted by contingency fee counsel which is also advancing 100% of the costs associated with the litigation.  To the trustee's knowledge, no settlement discussions are occurring.

After the litigation was remanded to state court, Plainfield prevailed on its demurrer of the estates' complaint, and the estates were given additional time to file a further amended complaint.  Special litigation counsel filed the fourth amended complaint on or about March 18, 2010.

2. <u>JRX</u>.  Pre-petition, the Debtor and JRX were parties to a license agreement pursuant to which JRX granted to the Debtor a license to use certain of JRX's patented solutions in the manufacturing of the Debtor's "Hydroderm" products.  Also, pre-petition, the license agreement terminated.

Because JRX alleged that the Debtor had unpaid license fees and/or royalties and continued to use JRX's technology which allegedly constituted an unlawful infringement of its intellectual property, JRX filed lawsuits in state court (for collection) and federal court (for patent infringement).  The Debtor filed a countersuit against JRX in the state court action.  Not much activity had occurred in these proceedings

5

when the Debtor commenced its bankruptcy case and the filing of these cases stayed the actions.

After the appointment of the Trustee, JRX approached the trustee with a proposal that both sides walk away from their respective claims, with a release of all claims against each other. The Trustee asked JRX to prepare a comprehensive memorandum describing the litigation and the reasons supporting the dismissal of the actions. The Trustee reviewed the memorandum very closely. In addition, the Trustee discussed the merits of the countersuit with the Debtor's representative, John Linton, who indicated that the claims would be difficult to prove. The Trustee also reached out to the buyer to determine whether the buyer would experience any impact should the mutual lawsuits be dismissed with release of claims. The Trustee never received a response from the buyer. The Trustee also reached out to Plainfield, as the claims could be subject to the liens asserted by Plainfield. After discussions with the Trustee, Plainfield indicated that it would not object to a mutual dismissal of lawsuits and release of claims. JRX is drafting the motion to obtain Court approval of this settlement with JRX.

3. <u>Trademark Cosmetics</u>. Shortly before the filing of this case, Trademark Cosmetics filed a complaint against the Debtor. The Debtor never responded to the complaint, and filed bankruptcy. As a result, the lawsuit has been stayed.

The Trustee was contacted by this plaintiff indicating that it wanted to dismiss the lawsuit and wanted confirmation that the estate would not seek to recover costs. After conferring with the Debtor's representative, John Linton, who confirmed

6

that the Debtor never incurred any costs relative to this litigation, the trustee agreed to a waiver of costs. The request for dismissal has been filed by this plaintiff.

4.  <u>Home Shopping Network ("HSN")</u>.  There was an open issue that the Trustee was dealing with which concerned transactions which occurred between the Debtor, One World and HSN prior to his appointment. As the Court is aware, during the early phase of this case, the Debtor essentially outsourced all of its administrative functions to an entity known as One World. During this time, the Debtor entered into several purchase orders with HSN which allowed for the Debtor's "Hydroderm" products to be marketed and sold through the HSN network. One World fulfilled these orders.

Pursuant to its own accounting, HSN has determined that it owes the estate approximately $99,500. However, One World claims that it is owed a portion of these funds, and Plainfield asserts a lien on the balance or all of the funds. Based on documentation received from One World, an agreement was reached to provide One World with $33,666 of the funds paid by HSN.

The Trustee is presently in possession of approximately $1,293,832.94 of cash, approximately $1,000,000 of which is comprised of the sale proceeds and the balance of which was previously collected by or turned over to the Trustee. Plainfield has advised the Trustee that it asserts a lien against all of the funds in these estates. However, pursuant to the Trustee's settlement with Plainfield, Plainfield has subordinated its lien and consented to payment of the reasonable fees and expenses of the Trustee and the Trustee's professionals

out of the funds in these estates other than the $1,000,000 paid by the buyer. As a result, sufficient funds exist in these estates to pay the allowed fees and expenses of the Trustee, his accountants and his counsel.

Dated: April 5, 2010      R. TODD NEILSON, Chapter 11 Trustee

By: */s/ Monica Y. Kim*
    RON BENDER
    MONICA Y. KIM
    LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
    Attorneys for Chapter 11 Trustee

## **DECLARATION OF R. TODD NEILSON**

I, R. Todd Neilson, hereby declare as follows:

1. I have personal knowledge of the facts set forth herein, and, if called as a witness, could and would testify competently with respect thereto.

2. I am the Chapter 11 trustee appointed in the Chapter 11 bankruptcy cases of Alena Internet Corporation, Alena, LLC and Hydroderm, LLC (collectively, the "Debtors").

3. I am submitting this Declaration in support of my Third Status Report in connection with the upcoming Status Conference scheduled to be held by the Court on April 14, 2010 at 10:30 a.m.

4. At the time of the Debtors' bankruptcy filings, the Debtors' business consisted primarily of the marketing and sale, through an on-line, internet platform, of anti-aging beauty products that are sold under the brand name "Hydroderm." Shortly after filing Chapter 11, the Debtors entered into an *Interim Exclusive Marketing, Distribution and License Agreement* (the "License Agreement") with an entity known as One World, which License Agreement was approved by the Court for a term of 90 days, with the 90 days having ended on April 10, 2009. Under the order approving the License Agreement, during the term of the License Agreement, One World was authorized to sell no more than 10% of the Debtors' inventory (with the 10% calculated based on Debtors' actual cost). Additionally, One World was not authorized to purchase or manufacture more than $10,000 of new

inventory or product. The Court also approved the Debtors' use of cash collateral. The Court also approved the Debtors' Application to Employ Special Counsel to pursue the Debtors' claims against Plainfield and eForce. Both lawsuits are currently pending. The litigation against Plainfield is being pursued on a contingency basis.

5. While the Debtors filed a motion seeking to extend the term of the License Agreement for 60 days, Plainfield objected to the requested extension, and the Court ultimately denied the Debtors' motion at a hearing held on April 8, 2009. Several days later, on or about April 10, 2009, the Court appointed a Trustee.

6. Prior to the Trustee's appointment, the Debtors had filed a plan of reorganization. In prior status reports, the Trustee provided the Court with a detailed explanation as to why the Trustee believed that the Debtors' plan of reorganization was not confirmable and that pursuing confirmation of the Debtors' plan of reorganization was not in the best interests of the Debtors' estates.

7. Additionally, in prior status reports, the Trustee provided the Court with a detailed explanation as to why the Trustee believed that the assets of the estates should be sold as expeditiously as possible to avoid diminution in the value of the assets. Indeed, a hearing was scheduled to be held on June 30, 2009 (the "Sale Hearing") for the Court to consider the Trustee's motion (the "Sale Motion") to sell substantially all of the tangible assets of the Debtors' estates (the "Assets") to Brentwood Cosmetics, LLC and Danny Petrasek (the "Purchaser"),

or to a higher bidder, free and clear of all liens, claims, encumbrances or interests (collectively, "Liens") asserted upon such assets, with such Liens to attach to the proceeds of the sales to the same extent, validity and priority as the Liens existed against the estates' pre-petition assets at the time of the Debtors' bankruptcy filings. The Assets being sold did not include the Plainfield lawsuit or the estates' rights and claims relating to the Plainfield lawsuit.

8. The Liens to be releases included those asserted by Plainfield, the senior secured lender in this case.

9. The Sale Hearing took place on June 30, 2009 as scheduled. Just prior to the Sale Hearing, the Trustee was able to negotiate certain improved terms to the sale with the Purchaser which resolved Plainfield's objection and caused Plainfield to support the sale. JRX Biotechnology, Inc. ("JRX") submitted a bid for the Assets, which JRX contended was an overbid to the Purchaser's bid. The Trustee disagreed and concluded that the bid submitted by JRX was inferior to the Purchaser's bid and therefore was not accepted by the Trustee as a qualified overbid.

10. The Purchaser's final winning bid for the Assets, which consisted of one million dollars ($1,000,000) of cash plus a promissory note (the "Purchaser Promissory Note") with a principal amount of fifty thousand dollars ($50,000), was approved by the Court as constituting the winning bid for the Assets. Court approval of that sale was also supported by Plainfield. The Purchaser Promissory Note has a term of three (3) years, accrues simple interest at the rate of three percent

(3%) per annum, and has no payment requirements until the end of the three-year term. At the maturity date of the Purchaser Promissory Note, all principal and accrued and unpaid interest will be fully due and payable. The Assets did not include any patents which are owned by JRX. The sale to the Purchaser closed shortly thereafter.

11. The following is a brief update on the estate's litigation matters (which are the only remaining assets of these estates) and pending disputes:

    a. <u>Plainfield Litigation</u>. The estate's claims against Plainfield which is subject to litigation were not included in the assets sold. After considerable argument before this Court, the litigation has also been remanded to state court. The estate's claims against Plainfield continue to be prosecuted by contingency fee counsel which is also advancing 100% of the costs associated with the litigation. To the trustee's knowledge, no settlement discussions are occurring.

    After the litigation was remanded to state court, Plainfield prevailed on its demurrer of the estates' complaint, and the estates were given additional time to file a further amended complaint. Special litigation counsel filed the fourth amended complaint on or about March 18, 2010.

    b. <u>JRX</u>. Pre-petition, the Debtor and JRX were parties to a license agreement pursuant to which JRX granted to the Debtor a license to use certain of JRX's patented solutions in the manufacturing of the Debtor's "Hydroderm" products. Also, pre-petition, the license agreement terminated.

Because JRX alleged that the Debtor had unpaid license fees and/or royalties and continued to use JRX's technology which allegedly constituted an unlawful infringement of its intellectual property, JRX filed lawsuits in state court (for collection) and federal court (for patent infringement). The Debtor filed a countersuit against JRX in the state court action. Not much activity had occurred in these proceedings when the Debtor commenced its bankruptcy case and the filing of these cases stayed the actions.

After the appointment of the Trustee, JRX approached the trustee with a proposal that both sides walk away from their respective claims, with a release of all claims against each other. The Trustee asked JRX to prepare a comprehensive memorandum describing the litigation and the reasons supporting the dismissal of the actions. The Trustee reviewed the memorandum very closely. In addition, the Trustee discussed the merits of the countersuit with the Debtor's representative, John Linton, who indicated that the claims would be difficult to prove. The Trustee also reached out to the buyer to determine whether the buyer would experience any impact should the mutual lawsuits be dismissed with release of claims. The Trustee never received a response from the buyer. The Trustee also reached out to Plainfield, as the claims could be subject to the liens asserted by Plainfield. After discussions with the Trustee, Plainfield indicated that it would not object to a mutual dismissal of lawsuits and release of claims. JRX is drafting the motion to obtain Court approval of this settlement with JRX.

       c.    <u>Trademark Cosmetics</u>.  Shortly before the filing of this case, Trademark Cosmetics filed a complaint against the Debtor. The Debtor never responded to the complaint, and filed bankruptcy.  As a result, the lawsuit has been stayed.

       The Trustee was contacted by this plaintiff indicating that it wanted to dismiss the lawsuit and wanted confirmation that the estate would not seek to recover costs.  After conferring with the Debtor's representative, John Linton, who confirmed that the Debtor never incurred any costs relative to this litigation, the trustee agreed to a waiver of costs.  The request for dismissal has been filed by this plaintiff.

       e.    <u>Home Shopping Network ("HSN")</u>.  There was an open issue that the Trustee was dealing with which concerned transactions which occurred between the Debtor, One World and HSN prior to his appointment.  As the Court is aware, during the early phase of this case, the Debtor essentially outsourced all of its administrative functions to an entity known as One World.  During this time, the Debtor entered into several purchase orders with HSN which allowed for the Debtor's "Hydroderm" products to be marketed and sold through the HSN network.  One World fulfilled these orders.

       Pursuant to its own accounting, HSN has determined that it owes the estate approximately $99,500.  However, One World claims that it is owed a portion of these funds, and Plainfield asserts a lien on the balance or all of the funds.  Based on documentation received from One World, an agreement was reached to provide One World with $33,666 of the funds paid by HSN.

14

12. The Trustee is presently in possession of approximately $1,293,832.94 of cash, approximately $1,000,000 of which is comprised of the sale proceeds and the balance of which was previously collected by or turned over to the Trustee. Plainfield has advised the Trustee that it asserts a lien against all of the funds in these estates. However, pursuant to the Trustee's settlement with Plainfield, Plainfield has subordinated its lien and consented to payment of the reasonable fees and expenses of the Trustee and the Trustee's professionals out of the funds in these estates other than the $1,000,000 paid by the buyer. As a result, sufficient funds exist in these estates to pay the allowed fees and expenses of the Trustee, his accountants and his counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of April, 2009 at Los Angeles, California.

_____
R. TODD NEILSON

| In re:<br>ALENA INTERNET CORPORATION et al.,<br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 2:08-bk-31745-RN |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

The foregoing document described as **FOURTH STATUS REPORT OF THE CHAPTER 11 TRUSTEE; DECLARATION OF R. TODD NEILSON** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 7, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

* Ron Bender    rb@lnbrb.com
* Cynthia M Cohen    cynthiacohen@paulhastings.com
* Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com
* Jon L Dalberg    jdalberg@lgbfirm.com, ncereseto@lgbfirm.com
* Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
* Mark D Houle    mark.houle@pillsburylaw.com
* Monica Y Kim    myk@lnbrb.com
* Paul J Laurin    laurin@laurinlawfirm.com, calendar@rutterhobbs.com
* Dare Law    dare.law@usdoj.gov
* Matthew A Lesnick    matt@lesnicklaw.com
* Alvin Mar    alvin.mar@usdoj.gov
* R. Todd Neilson    tneilson@ecf.epiqsystems.com, vdoran@lecg.com;sgreenan@lecg.com
* Bruce S Schildkraut    bruce.schildkraut@usdoj.gov
* Joseph Shickich    jshickich@riddellwilliams.com
* United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
* Monika S Wiener    monika.wiener@mto.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **April 7, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Requests for Special Notice and 20 Largest Creditors - See attached service list.
ALL SERVED VIA U.S. MAIL UNLESS SERVED VIA NEF**

☒ Service information continued on attached page

(PROOF OF SERVICE CONTINUED ON FOLLOWING PAGE)

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 7, 2010,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**COURTESY COPY DELIVERED VIA ATTORNEY MESSENGER**
Hon. Richard Neiter
U.S. Bankruptcy Court
255 E. Temple Street, Ctrm 1645
Los Angeles, CA 90012               ☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 7, 2010 | Angela Antonio | /s/ Angela Antonio |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                 **F 9013-3.1**

In re ALENA INTERNET CORPORATION, et al.
Case No. 2:08-bk-31745-RN
RSN

**SERVED VIA U.S. MAIL**

Debtor
Alena Internet Corporation
Attn: Brett Saevitzon
10008 National Blvd #312
Los Angeles, CA 90034

Debtors
Alena, LLC
Hydroderm, LLC
8500 Higuera Street
Culver City, CA 90232

Office of the U.S. Trustee *
Attn: Alvin Mar
725 S. Figueroa Street, #2600
Los Angeles, CA 90017

Debtor's Counsel
Watts Guerra Craft
300 Covent Street Ste 100
San Antonio, TX

Debtor's Counsel *
Leslie A Cohen
Leslie Cohen Law PC
506 Santa Monica Bl Ste 200
Santa Monica, CA 90401

Debtor's Counsel *
Matthew A Lesnick
Matthew A. Lesnick, Attorney at Law
185 Pier Ave Ste 103
Santa Monica, CA 90405

Cindy Cohen *
Paul, Hastings, Janofsky & Walker LLP
515 S Flower St. 25Floor
Los Angeles, CA 90071

Counsel for Microsoft Corporation
Joseph E. Shickich, Jr. *
Riddell Williams, P.S.
1001 4th Avenue, Suite 4500
Seattle, WA 98154-1065

Counsel for Interested Party
Robert P. Goe/Marc C. Forsythe
18101 Von Karman Avenue, Suite 510
Irvine, CA 92612

Counsel for Intermix Media, Inc. and Fox Cable Group
Paul J. Laurin, Esq.*
Rutter Hobbs & Davidoff
1901 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067

In re ALENA INTERNET CORPORATION
Case No. 2:05-bk-31745-RN
20 Largest

Debtor
Attn: Brett Saevitzon
10008 National Blvd #312
Los Angeles, CA 90034

Office of the U.S. Trustee
Attn: Alvin Mar
725 S. Figueroa Street, #2600
Los Angeles, CA 90017

Debtor's Counsel
Watts Guerra Craft
300 Covent Street Ste 100
San Antonio, TX

Debtor's Counsel
Leslie A Cohen
Leslie Cohen Law PC
501 Santa Monica Bl Ste 700
Santa Monica, CA 90401

Debtor's Counsel
Matthew A Lesnick
Matthew A. Lesnick, Attorney at Law
185 Pier Ave Ste 103
Santa Monica, CA 90405

Intermix Media, Inc.
Attn: Michael J. Angus
407 Maple Drive #352
Beverly Hills, CA 90210

Yahoo! Inc.
Attn: Michael Colgan
PO Box 3003
Carol Stream, IL 60132-3003

Microsoft Corporation
Attn: Olga Bereziychuk
1401 Elm Street, 5th Floor
Lockbox 847543
Dallas, TX 75202

Andrews Kurth LLP
Attn: Carmelo Gordian
PO Box 201785
Houston, TX 77216-1785

Clearview Partners, LLC
Attn: John Linton
21015 Cactus Cliff
San Antonio, TX 78258

IntegraClick, Inc.
Attn: Cynthia Noda
301 N. Cattleman Road, #300
Sarasota, FL 34232

Robert M. Heller
1875 Century Park East, #1000
Los Angeles, CA 90067

UPS Expedited Mail Services, Inc.
Attn: Bernie Colley
13580 Collections Center Drive
Chicago, IL 60693
("refused/bank of America/return to sender 061009)

WebMD, Inc
Attn: Michele Calhoun
12186 Collections Center Drive
Chicago, IL 60693

Pinnacle Direct Marketing, LLC
Attn: Jonathan Flicker
10020 National Blvd.
Los Angeles, CA 90034

Hydra, LLC
Attn: Michael Nares
8800 Wilshire Bl. 2nd Floor
Beverly Hills, CA 90211

Biozone Laboratories, Inc.
580 Garcia Avenue
Pittsburg, CA 94565

AOL, LLC
Attn: Marilyn Fitzhugh
General Post Office
PO Box 5696
New York, NY 10087-5696

Web Clients, Inc.
Attn: Lisa L. Hogan
#774143
4143 Solutions Center
Chicago, IL 60677-4001

UPS, Inc.
Attn: Bernie Colley
PO Box 894820
Los Angeles, CA 90189-4820

TrialPay, Inc.
Attn: Jennifer Kim
650 Castro Street #270
Mountain View, CA 94041

Beliefnet, Inc.
Attn: Soren Hansen
15136 Collections Center Drive
Chicago, IL 60693

ADP Total Source, Inc.
Attn: Deanna Ornelas
12250 E. Ilift Avenue #310
Aurora, CO 80014

Bloosky Interactive
Attn: Josh Budinger
PO Box 1941
Orem, UT 84059

Google, Inc.
Attn: Jesse Bola
Dept. No 33654
PO Box 39000
San Francisco, CA 94139-3181